Hillsborough, }
May 2, 1916. }

REUBEN B. BROWN. *v.* DAVID F. HEATH.

Where a tender has been made and the money paid into court and received by the plaintiff under a mistake as to the terms of the tender, justice requires that the money be returned to the clerk and that the defendant be permitted to elect whether he will make a new tender or withdraw the money.

ASSUMPSIT. Plea, the general issue with a brief statement alleging tender, with a payment into court of the amount of the tender, and acceptance thereof. The money was paid the clerk, Nov. 24, 1914. Jan. 18, 1915, it was paid to the plaintiff's attorneys. The court ruled that the receipt of the money by the

plaintiff's attorneys was a bar to the further prosecution of the suit, and dismissed the action. The plaintiff excepted to the order of dismissal. Transferred from the January term, 1915, of the superior court by *Kivel*, J.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the plaintiff.

*John M. Stark* and *Martin & Howe* (*Mr. Stark* orally), for the defendant.

PEASLEE, J. It appeared in argument that the controversy results from a misunderstanding between counsel either as to the facts or the law, or as to both. The defendant understood that he paid the money into court under such circumstances that acceptance of the amount by the plaintiff would be a satisfaction of the claim sued upon. The plaintiff understood that his acceptance of the money did not affect his right to proceed for the recovery of the balance he claimed to be due. The defendant undertook to offer the money upon condition that it be received as payment in full, while the plaintiff thought the offer was so made that he could accept the money on account. The defendant did not intend to pay without condition; and the plaintiff did not intend to receive a conditional payment.

Under these circumstances, there is no occasion to inquire which party erred in his interpretation of the law, or whether there was a misunderstanding between them as to the facts. Unless there are facts which do not appear, justice requires that the plaintiff return the money to the clerk of court, and that the defendant have opportunity to elect whether he will pay it in under the common rule, or under a plea setting up an absolute tender, or a conditional tender (that it is to be accepted in full satisfaction or not at all), or whether he will withdraw the deposit.

*Case discharged.*

All concurred.