**FALCON DEVELOPMENT COMPANY,**
Appellant,

v.

**Helen Morey STROM and Robert E. Strom,**
Appellees.

No. 13124.

Court of Civil Appeals of Texas.

San Antonio.

March 13, 1957.

Rehearing Denied April 10, 1957.

Stafford, Atlas & Spilman, Carl H. Judin, Jr., McAllen, for appellant.

Magus F. Smith, R. M. Bounds, McAllen, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by Falcon Development Company from a judgment in favor of Helen Morey Strom in the sum of $4,959, together with a foreclosure of an implied lien on the East Thirteen acres out of the West Twenty-three acres of Lot 6, Block 62, of the Missouri-Texas Land and Irrigation Company's Subdivision out of the Las Mestanas Grant in Hidalgo County, Texas.

The suit was for the cancellation and rescission of a sale by appellant to appellee of the thirteen acres in question, and, in the alternative, for damages under the provisions of Art. 4004, Vernon's Ann. Civ.Stats., for the fraud alleged to have been perpetrated upon Helen Morey Strom.

The trail began to a jury, and during such trial in open court appellee tendered to appellant a warranty deed to the thirteen acres involved. Appellant asked if the deed was tendered unconditionally, and upon the assurance that it was, it accepted the deed. After the deed was tendered and accepted, both sides made a motion for instructed verdict, and the judge discharged the jury and granted appellee's motion for judgment as above set forth, and appellant has appealed.

Paragraph "X" of appellee's petition reads as follows:

"That during the latter part of October, 1954, Plaintiff discovered the fraud perpetrated upon her and that the foregoing statements and representations made by Defendants to Plaintiff were untrue. That since

Plaintiff discovered said fraud she has wholly refused to have anything further to do with the farm and has done nothing toward its operation. That Plaintiff hereby tenders said property back to the Defendants and demands that the sale be canceled and rescinded, that the Defendants return the money paid by her to them and cancel the notes executed to them by Plaintiff. That this Plaintiff tenders the sum of One Hundred Twenty-five ($125.00) Dollars received by her for the sale of said fruit and tenders any and all benefits she may have received from said property to Defendants. Plaintiff here and now tenders to Defendants a reconveyance of the above described property and stands ready and willing to place the Defendants in status quo as nearly as possible and to in all things do equity herein."

The thirteen acres were conveyed to Helen Morey, Trustee, however, appellee did not bring this suit in any representative capacity. The deed that was tendered to appellant by appellee was signed "Helen Morey Strom, Trustee," but acknowledged only by Helen Morey Strom. We simply mention this in passing, because the difficulty presented is not a matter that must here be resolved one way or the other, in view of the disposition we are making of the case.

It is quite clear from the record here that there was a misunderstanding between the attorneys for appellant and the attorneys for appellee as to the tender of the deed. This misunderstanding appeared immediately after attorneys for appellant had announced that they would accept the unconditional tender of the deed. It is not necessary for us to here decide who made the mistake or whether it was one of fact or of law, it is sufficient that there was a misunderstanding and, therefore, no meeting of the minds. The trial court should have granted the request of the attorneys for appellant to return the deed to the attorneys of appellee and then permitted appellee to tender the deed with such a clear statement of the conditions upon which it was tendered that they could not have been misunderstood. Then appellant should have been permitted to accept or reject such tender. 86 C.J.S., Tender, § 52, p. 584; Brown v. Heath, 78 N.H. 180, 97 A. 744.

The judgment of the trial court is reversed and the cause remanded for a new trial in keeping with the above instructions.